IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LLOYD GEORGE MAXWELL, #23935-037**                                                **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:10-cv-130-DCB-MTP**

**DAMON HININGER, et al.**                                                         **DEFENDANTS**

ORDER

This cause comes before the Court on Plaintiff's motion for reconsideration [6] as to this Court's order [4] denying Plaintiff *in forma pauperis* status and dismissing case and final judgment [5] and Plaintiff's motion for extension of time to pay filing fee [7]. The Court's order [4] denied Plaintiff's request to proceed *in forma pauperis* based on his "three strikes" pursuant to 28 U.S.C. § 1915(g)[1] and dismissed the instant civil action.

Although a "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure, a litigant's request for such relief is evaluated as a motion "to alter or amend judgment" under Rule 59(e) or as motion for "relief from judgment" under Rule 60(b). *See Rogers v. KBR Technical Services, Inc.*, No. 08-20036, 2008 WL 2337184, at *5 (5th Cir. June 9, 2008)(citing *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir.1990) (*abrogated on other grounds*). "Under which Rule the motion falls turns on the time at which the motion is served." *Rogers*, No. 08-20036, 2008 WL 2337184, at *5

---

[1]Section 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(citing *Lavespere*, 910 F.2d at 173).  Since Plaintiff's motion was filed within twenty eight days of the Court's final judgment, his request will be reviewed pursuant to Rule 59(e).

In order to obtain relief Plaintiff "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" and "cannot be used to raise arguments which could, and should, have been made before the judgment issued."  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003) (citation omitted).  The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e), a district court should consider the following non-inclusive factors:  (1) the reasons for the plaintiffs' default;  (2) the importance of the evidence to the plaintiffs' case;  (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 F. App'x 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994)).  Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."  *Id.* at 626.

Plaintiff argues in his motion for reconsideration [6] that the cases[2] this Court considered

---

[2] In *Maxwell v. Federal Correctional Institution,* No. 4:01-cv-2879-PCE (N.D. Ohio Jan. 25, 2002), Plaintiff's claim was dismissed for failure to state a claim.
In *Maxwell v. United States Department of Justice, et al.*, No. 4:05-cv-974-PCE (N.D. Ohio May 25, 2005), Plaintiff's claim was dismissed for failure to state a claim.
In *Maxwell v. United States*, No. 4:07-cv-2851-PCE (N.D. Ohio Nov. 19, 2007), Plaintiff's claim was dismissed for failure to state a claim.

as "strikes" in order to deny him *in forma paueris* status were not in fact "strikes" as they were dismissed without prejudice.  Further, upon liberally construing the motion [6], it appears Plaintiff is arguing that he was under imminent danger of serious physical injury at the time of filing his complaint.[3]  Lastly, Plaintiff requests that this Court allow him an extension of time to pay the filing fee in full or in the alternative to allow him to make installment payments until the filing fee is paid.  Plaintiff duplicates this request in his motion for extension of time to pay filing fee [7].  Upon review of the motions [6, 7] and the record, the Court comes to the following conclusions.

First, Petitioner maintains that the cases this Court considered as "strikes" in order to deny him *in forma pauperis* status in the instant case were dismissed without prejudice and therefore should not be considered as "strikes".  In support of this argument Plaintiff cites *McLean v. United States,* 566 F.3d 391, 394 (4th Cir. 2009), which held that a dismissal of a prisoner's action without prejudice for failure to state a claim did not count as a strike for purposes of § 1915(g).  However, a review of the Court record and the record of the cases considered as a "strike" in order to deny Plaintiff *in forma pauperis* status reflects that none of the cases were dismissed without prejudice, the opinion of those courts simply did not qualify the type of dismissal.  Further, *McLean* also held that "[a]n unqualified dismissal for failure to state a claim is presumed to operate with prejudice; the addition of the words 'with prejudice' to modify such a dismissal is simply not necessary." *Id.* at 398-99.  Moreover, the United States Court of Appeals for the Fifth Circuit has held that a dismissal without prejudice may count as a strike for

---

[3] In order to meet the exception of 28 U.S.C. § 1915(g), which would allow the Plaintiff to proceed as a pauper in an action, the Plaintiff must be in "imminent danger of serious physical injury." *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).

purposes of § 1915(g).  *Lyle v. Anderson*, 77 F. App'x 734, 738-39 (5th Cir. 2003) (citing *Patton v. Jefferson Corr. Ctr.,* 136 F.3d 458, 462-64 (5th Cir. 1998)).  As such, Plaintiff's argument is misplaced and this Court correctly considered Plaintiff's previous cases referenced above as "strikes" in order to deny him *in forma pauperis* status.

Further, it is unclear whether or not Plaintiff is claiming that he meets the imminent danger of serious physical injury exception to the "three strikes" bar.  However, this Court notes that to the extent Plaintiff is attempting to meet this exception, he fails.  Plaintiff has provided no evidence to support any finding that he is under imminent danger of serious physical injury other than simply using the phrase "imminent danger prong".  Mot. for Recons. [6] at 2.  As such, this Court does not find that Plaintiff is under imminent danger of serious physical injury and therefore, Plaintiff does not meet any exception to the "three strikes" bar.

Lastly, Plaintiff requests an extension of time to pay the filing fee or in the alternative to allow him to make installment payments until the filing fee is paid, which is duplicated in his motion for extension of time to pay filing fee [7].  Plaintiff paid the full filing fee in the instant civil action on October 14, 2010.  As such, Plaintiff's motion [7] and request for an extension of time to pay the filing fee or in the alternative to make installment payments will be denied as moot.

For the foregoing reasons, the Court finds that Plaintiff has not met the requirements to obtain relief pursuant to Rule 59(e).

IT IS THEREFORE ORDERED that Plaintiff's motion for reconsideration [6], is hereby denied.

IT IS FURTHER ORDERED that Plaintiff's motion [7] and request for an extension of

time to pay the filing fee or in the alternative to make installment payments is denied as moot.

SO ORDERED this the ___28th___ day of October, 2010.

                                              ___s/ David Bramlette_____
                                              UNITED STATES DISTRICT JUDGE