## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**LLOYD GEORGE MAXWELL, #2010110022**                                               **PLAINTIFF**

**VERSUS**                                             **CIVIL ACTION NO. 5:10-cv-130-DCB-MTP**

**DAMON HININGER, et al.**                                                         **DEFENDANTS**

## ORDER

Before the Court is Plaintiff's Motion [22] to set aside the Order [13] entered October 29, 2010, which denied Plaintiff's previous Motion [6] for reconsideration of the Final Judgment and Plaintiff's Motion [25] to "set aside the appeal and district court $460.00 docketing and filing fees."[1]  Upon liberal review of the Motions submitted, along with the entire Court record, the Court has reached the following conclusions. Plaintiff's Motions [22, 25] are not well-taken and will be denied.

By way of background, the Court notes that on August 10, 2010, Plaintiff filed this *pro se* action requesting *in forma pauperis* status.  Plaintiff, as an inmate of the Bureau of Prisons had accumulated three qualifying dismissals under 28 U.S.C. § 1915(g), commonly referred to as "three-strikes."  Therefore, an Order [4] was entered on September 16, 2010, which denied Plaintiff's Motion [2] to proceed *in forma pauperis*, and the case was dismissed by Final Judgment [5] entered the same day.  However, the Order [4] did provide that if Plaintiff paid the full $350.00 filing fee, within thirty-days, the Clerk of Court would re-open the case.

On September 22, 2010, Plaintiff filed a Motion [6] for reconsideration of the Final Judgment including a Motion [7] for an extension of time to pay the filing fee.  Prior to the Court

---

[1] It appears the Plaintiff is referencing the $455.00 appellate filing fee, which *includes* a $5.00 District Court fee.

entering a ruling on either Motion, the Plaintiff filed a Notice of Appeal [8] on October 7, 2010, and the $350.00 filing fee was paid by personal check on October 14, 2010. The Clerk of Court receipted the filing fee on the docket and re-opened this civil action.

Subsequently, the Court entered an Order [13] on October 29, 2010, which thoroughly addressed Plaintiff's complaints regarding the denial of his pauper status and the dismissal of this case, ultimately denying his Motion [6] for reconsideration on the merits and denying his request for an extension of time to pay the filing fee as moot. However, on November 1, 2010, the personal check was returned for "stop payment." Thereafter, on November 4, 2010, the Court entered an Order [15] directing the Clerk to close this civil action since the filing fee had not been paid.

On November 10, 2010, the Court entered an Order [16] denying Plaintiff's Motion [11] to proceed *in forma pauperis* on his appeal [8] to the Fifth Circuit, based on his three-strikes.[2] On November 15, 2010, the Plaintiff filed a letter Motion [18] requesting 20 days to submit a second check for the filing fee, and the Clerk noted his change of address to the Tensas Parish Detention Center in Waterproof, Louisiana. On December 15, 2010, prior to the Fifth Circuit issuing any ruling regarding his appeal, Plaintiff filed a Motion [22] to set aside the Order [13] that denied his Motion [6] for reconsideration along with another Notice of Appeal [23] and Motion [24] to proceed *in forma pauperis* on appeal.[3]

On January 3, 2011, the Clerk of Court receipted a check on Plaintiff's behalf, from the Tensas Parish Sheriff's Department, for the $350.00 filing fee. On this same date, Plaintiff filed a

---

[2]The Fifth Circuit assigned case number 10-60835 to this appeal.

[3]This Motion [24] to proceed as a pauper on appeal will be addressed by a separate order.

Motion [25] to set aside the appeal filing fee in this case.

As far as Plaintiff's Motion [22] to set aside the Order [13] denying his previous Motion for reconsideration, the Court finds this request to be devoid of any merit. In addition, the Court finds no legal basis to grant Plaintiff's Motion [25] to set aside the appeal filing fee. However, what the Court does find is repeated requests by the Plaintiff to challenge the three- strikes bar applicable to his filings in this Court. The denial of pauper status in this case is soundly supported by the applicable law as set forth in the Order [4] of September 16, 2010, and further, as stated above, the Order [13] filed October 29, 2010, thoroughly addresses Plaintiff's claims to reconsider the denial of his pauper status. The Court will not continue to entertain frivolous requests to alter these decisions. Accordingly, it is hereby,

**ORDERED AND ADJUDGED:**

1. That Plaintiff's Motion [22] filed December 15, 2010, wherein Plaintiff is requesting that this Court set aside the Order [13] entered on October 29, 2010, is **DENIED**; and

2. That Plaintiff's Motion [25] filed January 3, 2011, to set aside the district court and/or appeal filing fees is **DENIED**.

Plaintiff is warned that his continued requests, in whatever form, to circumvent the three-strikes bar applicable in this case will not be well-taken and may subject Plaintiff to sanctions, including but not limited to monetary sanctions.

The Court will await the conclusion of Plaintiff's pending appeals in this case before any further action will be taken by the Court, including a decision on Plaintiff's letter Motion [18] for an extension of time.

SO ORDERED, this the 21st of January, 2011.

s/David Bramlette
UNITED STATES DISTRICT JUDGE