IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LLOYD GEORGE MAXWELL**                                                            **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 5:10-cv-130-DCB-MTP**

**DAMON HININGER, et al.**                                                   **DEFENDANTS**

<u>ORDER</u>

Before the Court is Plaintiff's Motion [18], filed on November 15, 2010, for additional time to pay the filing fee, and Plaintiff's Motion [33] for production of documents filed February 24, 2011. Upon liberal review of the Motions submitted, along with the entire Court record, the Court has reached the following conclusions.

By way of background, the Court notes that on August 10, 2010, Plaintiff filed this *pro se* action requesting *in forma pauperis* status. Plaintiff, was as an inmate of the Bureau of Prisons at the time and he had accumulated three qualifying dismissals under 28 U.S.C. § 1915(g), commonly referred to as "three-strikes." Therefore, an Order [4] was entered on September 16, 2010, which denied Plaintiff's Motion [2] to proceed *in forma pauperis*, and the case was dismissed by Final Judgment [5] entered the same day. However, the Order [4] did provide that if Plaintiff paid the full $350.00 filing fee, within thirty-days, the Clerk of Court would re-open the case.

On September 22, 2010, Plaintiff filed a Motion [6] for reconsideration of the Final Judgment including a Motion [7] for an extension of time to pay the filing fee. Prior to the Court entering a ruling on either Motion, the Plaintiff filed a Notice of Appeal [8] on October 7, 2010, and the $350.00 filing fee was paid by personal check on October 14, 2010. The Clerk of Court

receipted the filing fee on the docket and re-opened this civil action. However, on November 1, 2010, the personal check was returned for "stop payment." Thereafter, on November 4, 2010, the Court entered an Order [15] directing the Clerk to close this civil action since the filing fee had not been paid.

On November 15, 2010, the Plaintiff filed a letter Motion [18] requesting 20 days to submit a second check for the filing fee, and the Clerk noted his change of address to the Tensas Parish Detention Center in Waterproof, Louisiana. On January 3, 2011, the Clerk of Court receipted a check on Plaintiff's behalf, from the Tensas Parish Sheriff's Department, for the $350.00 filing fee. On January 18, 2011, Plaintiff filed a change of address [28] reflecting his current address to be a non-incarcerated address in Jamaica. On January 21, 2011, a certified copy of the Fifth Circuit Judgment and mandate [29] was filed with this Court, thus, Plaintiff does not have any appeals regarding this case pending at the Fifth Circuit. Accordingly, it is hereby,

**ORDERED AND ADJUDGED:**

1. That Plaintiff's Motion [18] for additional time to pay the filing fee is GRANTED to the extent the Court considers Plaintiff's payment of the $350.00 filing fee on January 3, 2011, to be in compliance with the previous orders of the Court;

2. That the Clerk is directed to re-open this civil action and assign Chief Magistrate Judge John M. Roper to the case;

3. That Plaintiff's Motion [33] for production of documents is DENIED as premature since summons has not issued for the Defendants in this case;

4. That the Clerk is directed to send Plaintiff the requisite number of summons forms for his completion. Plaintiff is directed to complete the forms in compliance with Rule 4 of the Federal Rules of Civil Procedure, including the attachment of all required copies and return these documents to the Court, along with a self-addressed stamped envelope. When the summons are received in the proper form, the Clerk is directed to issue the summons and return them to the Plaintiff for service on the Defendants. The Plaintiff is

responsible for serving the Defendants in compliance with Rule 4, **within 120 days from the date of this order**. When the Defendants are properly served, each Defendant is required to respond to the Complaint.

**Plaintiff is warned that his failure to keep this Court informed of his current address or his failure to timely comply with any Order of this Court will result in the dismissal of this case. Plaintiff is further advised that as the** *pro se* **Plaintiff in this case, he is responsible for the litigation of this case and he is required to do so in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court.**

SO ORDERED, this the   18th   day of March, 2011.


                                    s/David Bramlette
                                    UNITED STATES DISTRICT JUDGE