IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LLOYD GEORGE MAXWELL**                                                    **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO. 5:10-cv-00130-DCB-JMR**

**DAMON HININGER, VANCE LAUGHLIN,**
**UNKNOWN SLAVENS, UNKNOWN CALHOUN,**
**RYAN CALLAHAN, UNKNOWN MOLINA,**
**AND UNKNOWN MCDANIAL**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants' Damon Hininger, Vance Laughlin, Slavens, Calhoun, Ryan Callahan, Molina, and McDanial [51] Motion to Dismiss for insufficient service of process. The Court being fully advised in the premises, and after a full review and consideration of the record, the parties' submissions, the pleadings on file and the applicable law, finds as follows.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Lloyd George Maxwell [Maxwell], filed this Complaint on August 10, 2010. [1] Maxwell, a *pro se* plaintiff, filed a motion for leave to proceed *in forma pauperis* [IFP] on August 10, 2010. [2] IFP was denied on September 16, 2010, and the clerk was directed to dismiss the case and re-open if the filing fee, $350.00, was paid. [4, p. 3] The filing fee was paid and the case re-opened on October 14, 2010. (Ct. R.) However, on November 1, 2010, the check was returned for stop payment. [14] The Court directed the clerk to close the case on November 4, 2010, because the filing fee had not been paid. [15] Maxwell was released from the Federal Bureau of Prisons [BOP] on November 4, 2010. (BOP website). The filing fee was again received on January 3, 2011, and the case was re-opened on March 21, 2011. (Ct. R.) On January

18, 2011, Maxwell's address was changed to 180 Main Street, Coconut Grove, Ocho Pios, P.O. St. Ann, Jamaica. [28] On April 21, 2011, Maxwell sent a letter to the clerk explaining that he had sent signed copies of Summons and Proof of Services by certified mail via Vance Laughlin [Laughlin]. [39-1, p. 3] On May 9, 2011, Laughlin sent Maxwell a letter that stated he acknowledged the Proof of Service but because he was not Maxwell's legal representative, he would not be accountable for serving Summons to each defendant. [39-1, p. 2] On May 27, 2011, Maxwell resubmitted the Summons to Laughlin and said he knew that some of the employees had been transferred or terminated and he would "notify the Court to *pro se* serve the other Summons upon the defendants last known address at ACCC or elsewhere." [39-1, p. 1] Maxwell asked the Court to "Please *pro se* serve or issue the summons on each defendant based on my unprofessional legal circumstances representing myself from Jamaica." [Doc. 39, p. 1] On January 18, 2012, the Court's Report and Recommendation directed the clerk to issue proper Summons. [Doc. 41, p. 2] On January 19, 2012, Summons was issued to defendants Calhoun, Callahan, Hininger, Laughlin, McDanial, Molina, and Slavens. [42] The Summons were returned executed on April 13, 2012. [46-47] This Motion to Dismiss for Insufficient Service of Process was filed by defendants Callahan, Hininger, Laughlin, and Molina on June 11, 2012. [51]

## ANALYSIS

Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). If a Plaintiff can show good cause for failing to serve a defendant, the court must allow additional time to effect service. *Id.* Even if there is not a showing of good cause, " the court has discretionary power to extend time for service." *Id.* "A

plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).

> At a minimum, a plaintiff attempting to establish good cause must show at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. This Court also stated that the rule should not be used to penalize plaintiffs who demonstrate reasonable diligence in effecting timely service on defendants. Holmes further held that good cause may be found: when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person, typically the process server, the defendant has evaded service of process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

*Triple C Transp., Inc. v. Dickens*, 870 So. 2d 1195, 1201 (Miss. 2004).

To establish "good cause" a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Most importantly, however, until the 120--day period to effect proper service has expired, "any attempt to seek dismissal on the grounds of defective service clearly is premature." *McGinnis v. Shalala*, 2 F.3d 548, 551 (5th Cir. 1993).

In this case, Maxwell did not meet the service requirements of Fed. R. Civ. P. 4. Maxwell attempted to serve all of the defendants. First, he filed the Summons and Proofs of Service with the warden, Laughlin. When he realized that some of the defendants no longer worked there, he asked the Clerk to properly issue the Summons and Proofs of Service. He showed diligence in serving the defendants and made corrections when he realized he had the wrong addresses. The

Court is persuaded that Maxwell's efforts to serve these defendants coupled with his unfamiliarity with the means for properly effecting service constitute good cause for the purposes of Rule 4(m). The Court further finds that dismissal is not appropriate at this time.

The Court should allow an additional 45 days to perfect service of process on these defendants. Maxwell should locate the appropriate addresses for all of the defendants, mark all mail as "restricted delivery" that is going to an out-of-state defendant, and properly serve the defendants that are in-state residents pursuant to Fed. R. Civ. P. 4.

**Maxwell should understand that this Order allowing process to issue against the above named Defendants does not reflect any opinion of this Court that the claims contained in the complaint will or will not be determined to be meritorious.**

Additionally, it is the Plaintiff's responsibility to prosecute this case. Failure to advise this Court of a change of address or failure to comply with any order of this Court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case. Accordingly, the Court recommends that Defendants' Motion to Dismiss [51] should be denied as premature. It is therefore,

RECOMMENDED that the Defendant's Motion [51] to Dismiss be, and is hereby, denied. It is further,

RECOMMENDED that Maxwell properly serve prepared Summons, Complaint and Proofs of Services on all defendants within 45 days, or no later than August 24, 2012. Maxwell is responsible for locating the appropriate addresses for all of the defendants, marking all mail "restricted delivery" that is going to an out-of-state defendant, and properly serving the defendants that are in-state residents pursuant to Fed. R. Civ. P. 4. Failure to properly serve the

defendants will lead to dismissal of this case without prejudice pursuant to Fed. R. Civ. P. 4(m).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than July 24, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

SO ORDERED THIS the 10th day of July, 2012.

                                             **s/ John M. Roper, Sr.**
                                     CHIEF UNITED STATES MAGISTRATE JUDGE