IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**LLOYD GEORGE MAXWELL**                                                **PLAINTIFF**

v.                                              CIVIL ACTION NO. 5:10-CV-130-KS-MTP

**DAMON HININGER, et al.**                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendants' Motion to Dismiss [67]. Plaintiff's claims against Defendants Ryan Callahan, Michele Molina, Damon Hininger, and Vance Laughlin are dismissed without prejudice.

### A.   Background

Plaintiff filed his Complaint on August 10, 2010 – over two and a half years ago – and he has at least three strikes under 28 U.S.C. § 1915(g). The Court denied his motion to proceed *in forma pauperis* and dismissed the case for failure to pay the filing fee [4].

On October 14, 2010, Plaintiff paid the filing fee by personal check, prompting the Clerk to reopen the case. But on November 1, 2010, the check was returned for "Stop Payment." The Court directed the Clerk to close the case [15].

Plaintiff finally paid the filing fee on January 3, 2011. The Court directed [34] (1) the Clerk to reopen the case and send Plaintiff the requisite number of summons forms for his completion; (2) Plaintiff to complete the forms in compliance with Rule 4 and return them to the Court with a self-addressed and stamped envelope; (3) the

Clerk, upon receipt of the forms, to issue summons and return them to Plaintiff; and (4) Plaintiff to serve Defendants with process in compliance with Rule 4 within 120 days of the order. The Court specifically warned Plaintiff that failure to timely comply with the order would result in dismissal of his case.

On May 16, 2011, Plaintiff filed purported proofs of service [37-1], and on September 19, 2011, he filed a motion [40] for default judgment as to all Defendants. The Magistrate Judge entered a Report and Recommendation [41] that the Court deny Plaintiff's motion for default judgment, citing Plaintiff's failure to submit properly completed summons forms. The Clerk had never issued summons for the named Defendants, and Plaintiff had never properly served them. The Magistrate Judge recommended, though, that the Clerk issues summons for Defendants Hininger, Laughlin, Slavens, Calhoun, Callahan, Molina, and McDaniel, as Plaintiff had supplied adequate information to do so. The Clerk issued the summons the next day [42], and the Court eventually adopted [43] the Report and Recommendation.

On April 13, 2012, the Court received a letter [45] from "M. Maxwell," representing that "summons was served on the behalf of Lloyd Maxwell." On the same day, the Court received proofs of service [46, 47] on Defendants Hininger, Calhoun, Callahan, Laughlin, McDaniel, Molina, and Slaves. They were signed by Moswen Maxwell and accompanied by certified mail receipts. Defendant Hininger's summons was mailed to the Correction Corporation of America in Nashville, Tennessee, while the remaining summons were mailed to the Adams County Correctional Center in Natchez, Mississippi on March 19, 2012.

2

On June 11, 2012, Defendants Callahan, Hininger, Laughlin, and Molina filed a motion to dismiss [51] for insufficient service of process. Plaintiff did not respond. The Magistrate Judge found [53] that Plaintiff had failed to comply with the service requirements of Rule 4, but he recommended that the Court allow Plaintiff an additional forty-five days to perfect service. The Magistrate Judge's recommendation included specific instructions as to how Plaintiff should serve Defendants and a warning that failure to properly serve process would lead to dismissal of the case. The Court adopted [56] the Magistrate Judge's recommendation, echoing the warning that failure to properly serve Defendants would lead to dismissal.

On September 10, 2012, Plaintiff sent the Court a letter [59] in which he claimed to have mailed summons to Defendants Hininger and Laughlin. The letter was accompanied by copies of their summons and of the envelopes in which they were purportedly mailed.

On February 18, 2013, Defendants Hininger, Laughlin, Callahan, and Molina filed their second Motion to Dismiss [67] for insufficient service of process. The Court entered an Order [69] setting March 7, 2013, as Plaintiff's deadline to file a response. On March 1, 2013, the Clerk received a telephone message about this case from an unidentified individual. The caller – presumably Plaintiff – indicated that he would file a motion for an extension of time to respond to the motion to dismiss. On March 5, 2013, Plaintiff called the Clerk and stated that he intended to file a motion for an extension of time to respond. Defendants filed their motion to dismiss over a month ago, and Plaintiff has not responded or sought an extension of time. The Court

3

concludes that the motion to dismiss is ripe for review.

### A.  *Defendants Ryan Callahan and Michele Molina*

On July 26, 2012, the Court denied [56] Defendants' first motion to dismiss. The Court ordered Plaintiff to serve Defendants on or before August 24, 2012, and specifically advised Plaintiff that failure to properly serve Defendants would lead to dismissal of his case. The record contains no evidence that Plaintiff attempted to properly serve Defendants Ryan Callahan and Michele Molina by the deadline set by the Court.

"A failure to comply with Rule 4(m)'s time requirement authorizes a district court to dismiss an action without prejudice, except upon a showing of good cause." *Lozano v. Bosdet*, 693 F.3d 485, 487 (5th Cir. 2012). To avoid dismissal under Rule 4(m), a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The Court normally requires "some showing of good faith on the part of the party seeking an elargment of time and some reasonable basis for noncompliance within the time specified . . . ." *Id.* Here, Plaintiff has provided no reason for failing to serve Defendants Ryan Callahan and Michele Molina, despite the Court's warning that failure to do so would result in dismissal of his claims against them. The Court, therefore, grants Defendants' motion to dismiss as to Plaintiff's claims against Callahan and Molina.

### B.  *Defendant Damon Hininger*

The Court's previous order [56] also applied to Plaintiff's claims against Defendant Damon Hininger, but Plaintiff failed to serve Hininger by August 24, 2012. On September 10, 2012, Plaintiff mailed the Court a letter [59] in which he claimed to have mailed a copy of the Complaint and summons to Defendant Damon Hininger. Plaintiff attached a photocopy of the exterior of the envelope as proof.

Rule 4(e) provides:

[A]n individual . . . may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). The Federal Rules of Civil Procedure do not permit service of process by mail. FED. R. CIV. P. 4(e)(2). They do, however, allow plaintiffs to serve process in accordance with the state procedures of the state in which the Court is located and the state in which service is made. FED. R. CIV. P. 4(e)(1).

Hininger is a resident of Tennessee, but Tennessee's courts do not permit service on an individual by mail. *See* Tenn R. Civ. P. 4.04(1). Mississippi allows service by mail

5

on an individual "by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender." Miss. R. Civ. P. 4(c)(3)(A). Plaintiff mailed a copy of the summons and complaint to Hininger, but he did not include two copies of a notice and acknowledgment or a return envelope.

Mississippi's "rules regarding service of process are to be strictly construed." *Tucker v. Williams*, 7 So. 3d 961, 965 (Miss. Ct. App. 2009). The Mississippi Supreme Court has held that "no acknowledgment or return receipt of service by mail means no service . . . ." *Morrison v. Miss. Dept. of Human Servs.*, 863 So. 2d 948, 953 (Miss. 2004); *see also Tucker*, 7 So. 3d at 965 (absence of acknowledgment of service from the record meant service was ineffective). It is clear, therefore, that Plaintiff did not properly serve Defendant Hininger. The question remains, though, whether the Court should dismiss Plaintiff's claims against Hininger or allow him another chance to properly serve process.

As noted above, Rule 4(m) requires a showing of "good cause" to extend the time period for service of process. FED. R. CIV. P. 4(m); *Lambert*, 44 F.3d at 299. Plaintiff did did not attempt to demonstrate good cause for his latest failure to serve Defendants with process. Regardless, this case is over two and a half years old. The Court has granted multiple extensions of time, directed Plaintiff to the relevant procedural rules, provided specific instructions, and warned Plaintiff of the consequences of his failure to properly serve Defendants with process. The case is beyond the point where

Plaintiff's *pro se* status and relative ignorance of the Court's procedural rules provides an excuse for his failure to comply with the Court's orders and procedural rules. For these reasons, the Court grants Defendants' motion to dismiss with respect to Plaintiff's claims against Defendant Damon Hininger.

## C.   *Defendant Vance Laughlin*

Plaintiff also failed to serve Defendant Laughlin by August 24, 2012, but he mailed a letter to the Court [59] in which he claimed to have mailed a copy of the Complaint and summons to Defendant Laughlin, including a photocopy of the exterior of the envelope as proof. For the same reasons stated above, the Court finds that Plaintiff failed to serve process on Defendant Vance Laughlin in accordance with Rule 4, and that Plaintiff's claims against Laughlin should be dismissed without prejudice.

## D.    *Conclusion*

For the reasons stated above, the Court **grants** the Motion to Dismiss [67] filed by Defendants Ryan Callahan, Damon Hininger, Vance Laughlin, and Michele Molina. Plaintiffs' claims against them are dismissed without prejudice.

SO ORDERED AND ADJUDGED this 21st day of March, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE